# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

JOSEPH JOINES and ANGELICA )
HENDON, )
                               )
           Plaintiffs, )
                               )
vs. )
                               )
ANDREW FERGUSON, MICHAEL )
FERGUSON, MICHAEL BUCKNER, in )
his individual and official capacities as a )
a Deputy of the Haywood County Sheriff's )
Department, BILL WILKE, in his official )
capacity as Sheriff of Haywood County, )
HAYWOOD COUNTY, TWO BANKS )
DEVELOPMENT, LLC, a North Carolina )
limited liability company, TBD LANDFILL, )
LLC, a North Carolina limited liability )
company, WRIGHT BROTHERS )
CONSTRUCTION, LLC, a Tennessee )
limited liability company, and JOHN DOES )
1- 4, )
                               )
          Defendants. )

**COMPLAINT**

Jury Trial Demanded Under
Fed. R. Civ. P. 38(b)

NOW COME Plaintiffs, complaining of the Defendants, by and through their attorneys, Matheson & Associates, PLLC, and for their Complaint, state and allege as follows:

## <u>Introduction</u>

1.    This is an action by Plaintiffs for civil conspiracy, assault, battery, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress and deprivation of civil rights as pled more particularly below.

1

## Jurisdiction and Venue

2.     This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §§ 1331, 1342 and 42 U.S.C. §§ 1983, 1988.  Additionally, the Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1367 and § 1332 regarding Plaintiffs' state law claims because on information and belief, the parties have complete diversity of citizenship and the amount in damages sought exceeds $75,000.00.

3.     Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Western District of North Carolina.  Moreover, upon information and belief, all of the Defendant parties either reside in this Judicial District or have sufficient minimum contacts in this District as to confer jurisdiction.

## The Parties

4.     Plaintiff JOSEPH JOINES is a citizen and resident of the state of Maryland.

5.     Plaintiff ANGELICA HENDON is a citizen and resident of the state of Florida.

6.     Defendant ANDREW FERGUSON is an employee of Defendant TBD LANDFILL, LLC, and on information and belief, he is a citizen and resident of Haywood County, North Carolina.

7.     Defendant MICHAEL FERGUSON is an employee of and general manager of Defendant TBD LANDFILL, LLC, and on information and belief, he is a citizen and resident of Haywood County, North Carolina.

8.     Defendant Deputy MICHAEL BUCKNER is a sworn Deputy of the Haywood County Sheriff's Department and as an employee he was acting as their agent in the course and

2

scope of his employment, in his individual and official capacities and/or under the color of state law, additionally, Deputy BUCKNER was employed as a safety manager with Defendant WRIGHT BROTHERS CONSTRUCTION, LLC and acting as their agent at all relevant times, and, on information and belief, he is a citizen and resident of Haywood County, North Carolina.

9. Defendant SHERIFF BILL WILKE is the duly elected Sheriff of the Haywood County Sheriff's Department, and he was present on scene acting as an agent of the Department and Defendant HAYWOOD COUNTY, in his official capacity and under the color of state law, within the scope of his employment, and on information and belief, he is a citizen and resident of Haywood County, North Carolina.

10. Defendant HAYWOOD COUNTY is a political subdivision of the state of North Carolina and organized pursuant to state law.

11. Defendant TWO BANKS DEVELOPMENT, LLC is a North Carolina limited liability company, owned by Erik Spirtas, and on information and belief, it controls Defendant TBD LANDFILL, LLC, with Mr. Spiritas exercising sole and exclusive control over both entities.

12. Defendant TBD LANDFILL, LLC is a North Carolina limited liability company also owned by Erik Spirtas, and on information and belief TBD LANDFILL, LLC owns and operates the TBD Landfill located in Haywood County, North Carolina.

13. Defendant WRIGHT BROTHERS CONSTRUCTION, LLC is a Tennessee limited liability company that employed Defendant Deputy MICHAEL BUCKNER as a safety manager, and he was acting as their agent in the course and scope of his employment at all relevant times.

14. Defendants JOHN DOES 1 – 4 are yet to be identified employees of Defendant TBD LANDFILL, LLC who participated in the events alongside Defendant Deputy Buckner under

3

the color of law and appeared on video during the incident giving rise to this cause at the TBD Landfill on June 26, 2025.

    a. John Doe 1 – Medium build, orange shirt, beard (possibly uncle of Defendant Andrew Ferguson).

    b. John Doe 2 – Medium build, green shirt, overalls, green hat.

    c. John Doe 3 – Heavy build, cowboy hat, green shirt.

    d. John Doe 4 – Heavy build, overalls, cowboy hat, green shirt.

15.    Defendants Andrew Ferguson, Michael Ferguson and John Does 1 – 4 may hereafter be referred to collectively as the "TBD Defendants."

**Factual Allegations**

**A. Plaintiff Joines Arrives at TBD Landfill.**

16.    On June 26, 2025, Plaintiff Joseph Joines was employed by Illumine Networks, LLC as an independent contractor truck driver transporting mulch debris from Hurricane Helene.

17.    At approximately 5:50 a.m., Plaintiff Joines arrived at the gate of the TBD landfill for the purposes of disposing of or offloading a load of mulch debris that had been loaded on his truck the evening before at a cleanup site in Marion, North Carolina.

18.    Plaintiff Joines had never previously been to the TBD landfill, and he was unfamiliar with the normal operating procedures of the location, including the staging procedure that required drivers to join a queue for unloading at a location remote from TBD landfill until the landfill opened for operations at 6:30 a.m.

19.    Defendant John Doe 1 arrived at approximately 6:05 a.m. in a pickup truck and

4

approached Plaintiff Joines shortly after his arrival and notified him that he was not supposed to stage his truck in front of the gate. When Plaintiff Joines informed Defendant John Doe 1 that he was unfamiliar with the staging procedure, Defendant John Doe 1 advised Plaintiff Joines that he could remain in place until the gate opened in approximately 25 minutes.

20. After Defendant John Doe 1 left the area, at approximately 6:15 a.m., Defendant Andrew Ferguson arrived in a pickup truck and confronted and admonished Plaintiff Joines for being at the gate rather than the staging area and told Plaintiff Joines he was not supposed to be waiting at the gate to the landfill.

21. When Plaintiff Joines informed Defendant Andrew Ferguson that he was unfamiliar with the staging procedure as this was his first time there and that Plaintiff Joines was told by Defendant John Doe 1 that he could wait at the gate this time, Defendant Andrew Ferguson angrily told Plaintiff Joines that he could not be there, he needed to leave the gate and go park at a stop sign and let the other trucks go past him and that Defendant Andrew Ferguson would let Plaintiff Joines know when he could get back in line to unload his truck.

22. Plaintiff Joines complied and moved his truck to the area as directed by Defendant Ferguson and he waited to be told when he could get in line.

**B. The Missing Cell Phone.**

23. Within approximately 15 minutes after moving the truck as directed by Defendant Andrew Ferguson, approximately five pickup trucks pulled up and blocked Plaintiff Joines truck in at the location to which he had moved, and restricted Platiniff Joines access to/from the main departure road.

24. At this point, Defendant Andrew Ferguson, accompanied by Defendants John Doe

1 – 4, approached Plaintiff Joines' truck.

25.     Once he arrived at Plaintiff Joines truck, Defendant Andrew Ferguson demanded to know if Plaintiff Joines had stolen his cell phone, to which Plaintiff Joines responded in the negative.

26.     Not satisfied with his response, at approximately 6:49 a.m., Defendant Andrew Ferguson questioned other drivers asking whether they saw Plaintiff Joines take his phone, to which all driver's questioned responded in the negative.

27.     At approximately 7:12 a.m., Defendant Michael Ferguson, Andrew Ferguson's father, pulled up in a pickup truck and asked Plaintiff Joines, "where is my son's phone?" Plaintiff Joines indicated he did not have the phone. Defendant Michael Ferguson then asked who Plaintiff Joines worked for, and he responded "Jon Korecke."

28.     Defendant Michael Ferguson then made a phone call to Mr. Korecke, who is the owner of Illumine Networks, LLC, the company for which Plaintiff Joines was working.

29.     At approximately 7:20 a.m., Plaintiff Joines spoke with Mr. Korecke, and after that call, Plaintiff Joines volunteered to have his truck searched by Defendant Andrew Ferguson for the phone.

30.     The results of the search failed to produce the allegedly missing cell phone at which point Defendants Andrew Ferguson and Michael Ferguson told Plaintiff Joines he was free to move to the unloading area.

**C. The Confrontation turns violent.**

31.     At approximately 8:05 a.m., Plaintiff Joines had moved his truck into the unloading

6

area and began unloading his load of mulch.

32.     At approximately 8:09 a.m., Defendants Andrew Fergeson, who was now armed with a handgun, Michael Ferguson, Deputy Michael Buckner, and John Does 1 – 4 hurriedly approached Plaintiff Joines at his truck.

33.     Once there, Defendant Andrew Ferguson immediately began screaming at and acting in a threatening manner toward Plaintiff Joines regarding Defendant Andrew Ferguson's misplaced cell phone that Defendant Andrew Ferguson had apparently now found elsewhere and not in the possession of Plaintiff Joines.

34.     In response to the angry mob of Defendants assembled at his truck, and an armed and hysterical Defendant Andrew Ferguson, Plaintiff Joines, fearing for his life, began pulling away in the truck to exit the landfill at idle speed of approximately three miles per hour.

35.     In response, Defendants Andrew Ferguson and John Does 1 and 2 climbed on the driver's side of Plaintiff Joines truck and tried to force Plaintiff Joines' door open.

36.     While John Does 1 and 2 attempted to force open the door, Defendant Andrew Fergeson intentionally began hitting Plaintiff Joines truck with the gun he was now holding, and Defendant Ferguson smashed the headlight of the truck and then pounded the gun on the driver's side door of Plaintiff Joines truck, all the while screaming at and threatening Plaintiff Joines.

37.     Then, at the direction of Defendant Michael Ferguson, John Does 3 and 4 mounted two bulldozers and drove them in the direction of Plaintiff Joines' truck.

38.     At approximately 8:15 a.m., after Plaintiff Joines' truck had traveled a distance of a few feet, Defendant John Doe 3, in the presence of Defendant Deputy Michael Buckner and the other TBD Defendants, deliberately ran into Plaintiff Joines' truck with a bulldozer, violently

jackknifing the tractor and throwing Plaintiff Joines across the inside of the cab, injuring him.

39.     Moments later, after the truck was already immobilized, Defendant John Doe 4 struck the trailer of Plaintiff Joines' truck, tipping it to an angle of approximately 45 degrees.

40.     After Defendant John Doe 3 dismounted the bulldozer that had hit the cab of Plaintiff Joines' truck, Defendant Andrew Ferguson mounted that same bulldozer himself and pushed the already immobilized tractor further over with Plaintiff Joines still inside, causing Plaintiff Joines to suffer additional injuries, including a concussion.

41.     Throughout this event, Plaintiff Angelica Hendon witnessed the assault and battery on Plaintiff Joines from the cab of her truck, which was staged a short distance behind and to the right of Plaintiff Joines truck.

42.     At approximately 8:16 a.m., Plaintiff Joines was standing on the step of his truck taking video of the scene with the two bulldozers pushed against his tractor and trailer when an enraged and hysterical Defendant Andrew Ferguson approached his truck, called him a "bitch" and a "motherfucker," and said, "get in your fucking truck until the cops get here."

43.     Next, Defendant John Doe 2 ordered Platiniff Joines, "don't get out of the truck no more" and that the "the sheriff's department is coming to get rid of you and your fucking mutt, so stay in your truck before something bad happens."

44.     Then, Defendant John Doe 1 ordered Plaintiff Joines to "get in your truck."

45.     Finally, Defendant Deputy Michael Buckner, who was present and failed to intervene to stop Defendants' violent attack, while operating under the color of law, outside the scope of his employment with the Haywood County Sheriff's Office, approached Plaintiff Joines' truck, identified himself as a sheriff, slammed the door of Plaintiff Joines' truck striking both

Plaintiff Joines and his dog, and Defendant Deputy Buckner ordered Platiniff Joines to "stay in [his] truck," and further stated "I'm going to put you in jail for interfering."

**D. Plaintiff Joines Flees for his Life.**

46.     At approximately 8:26 a.m., as Plaintiff Joines was waiting inside his truck for the police to arrive, he noticed Defendants Michael Ferguson and John Doe 2 climbing onto the running board on the passenger side of his truck when Defendant John Doe 2 suddenly opened the passenger door of Plaintiff Joines' truck without his permission.

47.     Fearing that Defendants John Doe 2 and Michael Ferguson were entering his truck to continue the attack, Plaintiff Joines, in fear for his life, exited his truck and headed for safety in the truck of his co-worker, Plaintiff Angelica Hendon.

48.     As he was enroute to Plaintiff Hendon's truck, Defendants followed Plaintiff Joines, antagonizing him and ordering him not to get into Plaintiff Hendon's truck.

49.     When Plaintiff Joines arrived at Platiniff Hendon's truck and entered the passenger door, Defendant Michael Ferguson called for John Does 3 and 4 to come block Plaintiff Hendon's truck, yelling "dozers! dozers!"

50.     Seconds later, Defendant Andrew Ferguson approached the driver's side door of Plaintiff Hendon's truck and pointed a handgun through the window at Plaintiffs Joines and Hendon after which John Doe 2 reached into the cab of Plaintiff Hendon's truck, across her body, and removed the keys from her truck as Defendant Andrew Ferguson again pointed the gun at the driver's side door of Plaintiff Hendon's truck - all of these incidents were done in the presence of Defendant Deputy Michael Buckner who with reckless indifference, took no action whatsoever to prevent these acts or intervene to protect Plaintiffs Hendon and Joines from the ongoing attack(s).

9

51.     In response to Defendants Andrew Ferguson and John Doe 2's actions, Plaintiff Hendon screamed in terror and told Plaintiff Joines to get out of her truck so that the Defendants would withdraw and leave her alone.  At no time did Plaintiff Hendon believe Plaintiff Joines himself to be a threat to her safety or that he intended to take control of her truck.

52.     At approximately 8:28 a.m., in a panic, Plaintiff Joines exited Plaintiff Hendon's truck, leaving behind his dog, and he ran to the truck of another co-worker parked behind Plaintiff Hendon's truck hoping to find safety.

53.     Upon reaching that truck, Plaintiff Joines determined it was unoccupied and locked, so he went around the back of Plaintiff Hendon's truck to seek safety in the presence of his co-workers who had assembled there and were recording the events.  At this point Defendant Andrew Ferguson, with a gun in his right hand and the keys to Platiniff Hendon's truck in his left hand, confronted Plaintiff Joines again, and a terrorized Plaintiff Joines began repeatedly pleading to Defendant Andrew Ferguson, "please don't shoot me."

54.     In response to the dangerous threat posed by the enraged, gun brandishing Defendant Andrew Ferguson, Plaintiff Joines' coworkers pleaded with Defendant Andrew Ferguson to let them take Plaintiff Joines away to wait for the police, to which Defendant Andrew Ferguson responded "no."  Thereafter, Plaintiff Hendon told Plaintiff Joines to get back in her truck and wait for the arrival of the police, and Plaintiff Joines did so.

55.     At approximately 8:40 a.m., sheriff's deputies with the Haywood County Sheriff's Office arrived along with Defendant Sheriff Wilke, at which point several of the deputies and Defendant Sheriff Wilke conferred with Defendants Michael Ferguson and Deputy Michael Buckner.

56.     As the deputies and Defendant Sheriff Wilke discussed the situation with Defendants Michael Ferguson and Deputy Michael Buckner, Plaintiff Joines requested an ambulance so that he could go to the hospital for the injuries he sustained due to the acts of Defendants.

57.     At approximately 9:18 a.m., Plaintiff Joines walked with the responding sheriff's deputies to their cruiser, and he was transported to the ambulance at the bottom of the hill and taken via ambulance to the hospital for treatment for a concussion and other minor injuries arising from the bulldozers ramming his truck.

58.     At some point thereafter, the Defendant employees of TBD landfill pushed Plaintiff Joines' truck completely onto its side so that it was left flat on the ground and they then removed the bulldozers from the vicinity of Plaintiff Joines' truck.

59.     Defendant Sheriff Wilke is the Sheriff of Haywood County, and he was operating under the color of law, in his official capacity at the TBD landfill.  After conferring with Defendant Deputy Buckner, who on information and belief, informed Defendant Sheriff Wilke that Defendant Andrew Furgeson had assaulted Plaintiffs by pointing a gun (as included in the Incident Report), and that the TBD Defendants had tipped over Plaintiff Joines' truck, Defendant Sheriff Wilke failed to take control of the situation and did not detain Defendant Andrew Ferguson or confiscate his gun, despite actual knowledge that Defendant Andrew Ferguson still presented a danger to Plaintiffs and others.

60.     Defendants TBD Landfill, LLC and Two Banks Development, LLC are liable under the doctrine of *respondeat superior* as their employees, Defendants Andrew Ferguson, Michael Ferguson, and John Does 1- 4, were operating within the scope of their employment when they

11

committed their tortious acts. Additionally, the owner of Defendants TBD Landfill, LLC and Two Banks Development, LLC, Erik Spiritas, issued a statement blaming the Plaintiffs for causing the TBD Defendants' outrageous and unlawful misconduct, thus ratifying the tortious actions of his employees.

61.     Defendant Wright Brothers Construction, LLC is liable for the tortious acts of its employee Deputy Michael Buckner under the doctrine of *respondeat superior* as Defendant Deputy Buckner was operating as its "safety manager" within the scope of his employment when he committed his tortious acts.

<strong><u>COUNT I – 42 U.S.C. §1983 – Fourth Amendment Violations</u></strong>

*Plaintiffs v. Deputy Buckner in his individual and official capacities, Andrew Ferguson, Michael Ferguson, and John Does 1- 4.*

62.     Plaintiffs hereby incorporate and re-allege all preceding paragraphs as though fully pleaded herein.

63.     The conduct by Defendants identified in this count and described herein constituted an unlawful detainment and excessive force in violation of their Fourth Amendment Rights as Defendants acted under the color of law alongside, and with the approval of, Defendant Deputy Buckner with deliberate and reckless intent.

64.     Defendant Deputy Buckner is a part-time Deputy with the Haywood County Sheriff's Office and was operating under the color of law at all relevant times. At the time of the incident, Defendant Deputy Buckner: a) acted with reckless and callous indifference as to the Constitutional Rights of Plaintiffs; b) failed to take control of the situation to deescalate it; c) failed to order Defendants to withdraw from Plaintiff Joines to allow the Haywood County Sheriff's Office to respond; and d) conspired with the TBD Defendants as a direct and willing participant in the unlawful assault on Plaintiffs Joines and Hendon. Defendant Deputy Buckner's conduct

was willful and wanton as he was an active and willing participant in the mob that perpetrated the unlawful acts on Plaintiffs to include assault, battery, and false imprisonment, resulting in violations of Plaintiffs Joines' and Hendon's Fourth Amendment Rights.

65. Defendant Andrew Ferguson committed multiple acts of assault in the presence and with the approval of Defendant Deputy Buckner, and he was therefore acting under the color of law when he committed the unlawful acts in violation of Plaintiffs Joines and Hendon's Fourth Amendment Rights.

66. Defendant Michael Ferguson committed multiple acts of assault in the presence and with the approval of Defendant Deputy Buckner, and he was therefore acting under the color of law when he committed the unlawful acts in violation of Plaintiffs Joines and Hendon's Fourth Amendment Rights.

67. Defendants John Does 1- 4 participated in multiple acts of assault in the presence of and with the approval of Defendant Deputy Buckner, and they were therefore acting under the color of law when they committed the unlawful acts in violation of Plaintiffs Joines and Hendon's Fourth Amendment Rights.

### COUNT II – 42 U.S.C. §1983 – Monell Liability  (*Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978))
*Plaintiffs v. Haywood County and Sheriff Wilke in his official capacity*

68. Plaintiffs hereby incorporate and re-allege all preceding paragraphs as though fully pleaded herein.

69. On information and belief, Defendant Haywood County has waived qualified immunity as it maintains a general liability insurance policy.

70. Haywood County Personnel Policies set forth in Article V, Section 6. Outside

13

Employment:

> The work of the County takes priority over other employment interests of employees. All outside employment for salaries, wages, or commission and all self-employment must be approved by the employee's Office/Agency Director before such work is to begin.

> An employee may hold a job with another organization as long as he or she satisfactorily performs his or her job responsibilities with Haywood County. All employees will be judged by the same performance standards and will be subject to Haywood County's scheduling demands, regardless of any existing outside work requirements.

> The Office/Agency Director **and the County Manager** will determine **whether the outside work would create a conflict of interest if it has an adverse impact on Haywood County.** If Haywood County determines that an employee's outside work interferes with performance or the ability to meet the requirements of Haywood County as they are modified from time to time, the employee may be asked to terminate outside employment if he or she wishes to remain with Haywood County. The assumption of outside employment without prior approval by the County may be deemed improper conduct and subject the employee to disciplinary action, up to and including dismissal.

> Haywood County Personnel Policies. Article V, Section 6 (June 1, 2009). (emphasis added).

71. Defendant Haywood County has a policy that allows employees, including part-time sheriff's deputies such as Defendant Deputy Buckner, to be employed outside of the Haywood County Sheriff's Department.

72. In this instance, the Haywood County policy requires both the Sheriff and the County Manager to determine whether outside work creates a conflict of interest.

73. Defendant Deputy Buckner was employed both as a Haywood County Sheriff's Deputy and as a "safety manager" for Defendant Wright Brothers Construction, LLC at all relevant times.

74. On June 26, 2025, Defendant Deputy Buckner was working in his capacity as

"safety manager" in a location near the TBD landfill, when on information and belief, the TBD Defendants called him to respond to the alleged theft of Defendant Andrew Ferguson's cell phone.

75.     On information and belief, the TBD Defendants did not initially call the Haywood County Sheriff's Office regarding the alleged theft, opting instead to call Defendant Deputy Buckner.

76.     When Defendant Deputy Buckner arrived at the TBD landfill, prior to the bulldozers tipping over Plaintiff Joines' truck, he identified himself to Plaintiff Joines as a Haywood County Sheriff's Deputy, although at the time he was working for Defendant Wright Brothers Construction, LLC and wearing a Wright Brothers' hardhat and safety vest rather than his sheriff's uniform.

77.     At the point the TBD Defendants initiated their assault(s) on Plaintiff Joines, Defendant Deputy Buckner had conflicting loyalties and duties to his employer, Defendant Wright Brothers Construction, LLC on the one hand and to the Haywood County Sheriff's Office and his sworn oath on the other.

78.     On information and belief, upon arriving at the TBD landfill, Defendant Buckner did not call the Haywood County Sheriff's Office to request help, despite: a) implicit and explicit threats and actions by Defendant Andrew Ferguson toward Plaintiff Joines; b) the knowledge that Defendant Andrew Ferguson was unlawfully brandishing a gun; and c) the mob of TBD employees was growing increasingly threatening.

79.     Rather than take control of the situation or call for assistance from the Haywood County Sheriff's Office, Defendant Deputy Buckner allowed the situation to spiral out of control, culminating with the TBD Defendants tipping over Plaintiff Joines truck with bulldozers and

Defendant Andrew Ferguson pointing his gun repeatedly at Plaintiffs as Defendant Deputy Buckner knew or should have known that the TBD Defendants had committed acts that would have subjected them to criminal liability if law enforcement responded to the TBD landfill.

80.    Upon information and belief, Defendant Sheriff Wilke, under the authority delegated to him by Defendant Haywood County as the elected Sheriff, was responsible for establishing, enforcing, directing, and supervising, and controlling the customs, practices, usages, and procedures applicable to deputies of the Haywood County Sheriff's Office.

81.    Upon information and belief, under *Monell v. Dept. of Social Servs*, 436 U.S. 658 (1977), Defendants Haywood County and Wilke are jointly and severally liable for the policy of employing deputies and allowing those deputies to be employed in non-law enforcement roles, directly led to a situation in which Defendant Buckner chose loyalty to his civilian employer, Defendant Wright Brothers Construction, LLC, over his duty to preserve law and order as a sworn deputy of the Haywood County Sheriff's Office.

82.    Any reasonable policymaker would know that the policies maintained by Defendants Haywood County and Wilke could lead to violations of civil rights, such as those suffered by Plaintiffs in this case.

83.    As a result of Defendants Haywood County's and Sheriff Wilke's deliberate indifference in formulating a policy that allowed dual employment policy that resulted in a clear conflict of interest, over which both its County Manager and the Sheriff have authority, Plaintiffs Joines and Hendon suffered damages, including but not limited to physical injuries to Plaintiff Joines and extreme emotional distress to both Plaintiffs as a result of the intentional, unprivileged, willful, and wanton acts of Defendants.

16

## COUNT III – Civil Conspiracy
*Plaintiffs v. Andrew Fergeson, Michael Ferguson, Deputy Michael Buckner in his individual capacity and John Does 1- 4*

84.     Plaintiffs hereby incorporate and re-allege all preceding paragraphs as though fully pleaded herein.

85.     Defendants Andrew Fergeson, Michael Ferguson, Michael Buckner, and John Does 1 – 4 acted in concert, by agreement, to engage in unlawful actions resulting in injuries to Plaintiffs Joines and Hendon.

86.     Plaintiffs Joines and Hendon suffered damages, including physical injuries to Plaintiff Joines and extreme emotional distress to both Plaintiffs, as a direct and proximate result of the intentional, unprivileged, willful, and wanton acts of Defendants.

## COUNT IV – Assault
*Plaintiffs v. Andrew Fergeson, Michael Ferguson, Deputy Michael Buckner in his individual capacity, Two Banks Development, LLC, TBD Landfill, LLC, Wright Brothers Construction, LLC, and John Does 1- 4*

87.     Plaintiffs hereby incorporate and re-allege all preceding paragraphs as though fully pleaded herein.

88.     Defendants in this action committed multiple intentional acts including a show of force and violence toward Plaintiffs Joines and Hendon showing an intent to cause offensive or harmful physical contact, thus placing Plaintiffs in reasonable apprehension of an imminent threat of physical injury and Defendants had the present ability to cause offensive or harmful contact with Plaintiffs at all relevant times.

89.     These acts include, but are not limited to: a) Defendant Andrew Ferguson repeatedly pointing a gun at Plaintiffs and screaming at them in an uncontrolled rage; b) Defendant

17

Deputy Buckner threatening Plaintiff Joines with arrest; c) Defendant Michael Ferguson calling for bulldozers to tip over Plaintiff Hendon's truck; d) Defendant John Doe 2 threatening Plaintiff Joines to "stay in your truck before something bad happens," and also reaching into Plaintiff Hendon's truck and taking the keys; e) Defendant John Does 3 – 4 operating the bulldozers when the bulldozers were intentionally rammed into Plaintiff Joines' truck; f) and Defendant John Doe 1 ordering Plaintiff Joines into his truck in a threatening manner.

90.     Plaintiffs Joines and Hendon suffered damages, including physical injuries to Plaintiff Joines and extreme emotional distress to both Plaintiffs, as a direct and proximate result of the intentional, unprivileged, willful, and wanton acts of Defendants or their agents.

### COUNT V – Battery
*Plaintiffs v. Andrew Furgeson, Deputy Michael Buckner in his individual capacity, Two Banks Development, LLC, TBD Landfill, LLC, Wright Brothers Construction, LLC and Does 2 - 4*

91.     Plaintiffs hereby incorporate and re-allege all preceding paragraphs as though fully pleaded herein.

92.     Defendants Andrew Ferguson, Deputy Michael Buckner and John Does 2 - 4 intended to and did cause offensive or harmful contact with Plaintiffs, to wit:

    a.  Defendants Andrew Ferguson and John Does 3 – 4 hit Plaintiff Joines truck with bulldozers throwing him across the insider of the truck causing him injuries;

    b.  Defendant Deputy Michael Buckner slammed the truck door of Plaintiff Joines hitting his leg;

    c.  Defendant John Doe 2 reached into Plaintiff Hendon's truck and forcibly removed the keys while she occupied the driver's seat and made contact with

18

her as he did so.

93.     Defendants harmful or offensive touching was done without the consent of Plaintiffs.

94.     As a direct and proximate result of Defendants,' or their agents' actions, Plaintiffs Joines suffered damages, including physical injuries to Plaintiff Joines and extreme emotional distress to both Plaintiffs as a result of the intentional, unprivileged, willful, and wanton acts of Defendants.

## COUNT VI – False Imprisonment

*Plaintiffs v. Andrew Furgeson, Deputy Michael Buckner in his individual capacity, Two Banks Development, LLC, TBD Landfill, LLC, Wright Brothers Construction, LLC and Does 1- 4*

95.     Plaintiffs hereby incorporate and re-allege all preceding paragraphs as though fully pleaded herein.

96.     The actions of Defendants, or their agents, including immobilizing Plaintiff Joines' truck, ordering him to remain in his truck and not leave, repeatedly telling Plaintiff Joines that he could not leave, and in removing the keys from Plaintiff Hendon's truck preventing her from leaving, were intentional and against the will of Plaintiffs.

97.     Defendants' actions against Plaintiffs were extreme and outrageous and constitute an unlawful detention and without legal justification.

98.     As a direct and proximate result of Defendants,' or their agents' actions, Plaintiffs Joines and Hendon suffered damages, including physical injuries to Plaintiff Joines and extreme emotional distress to both Plaintiffs as a result of the intentional, unprivileged, willful, and wanton acts of Defendants.

19

## **COUNT VII – Intentional Infliction of Emotional Distress**
*Plaintiffs v. Andrew Furgeson, Deputy Michael Buckner in his individual capacity, Two Banks Development, LLC, TBD Landfill, LLC, Wright Brothers Construction, LLC and Does 1- 4*

99.     Plaintiffs hereby incorporate and re-allege all preceding paragraphs as though fully pleaded herein.

100.     The Defendants, or their agents, engaged in extreme and outrageous conduct directed toward Plaintiffs, to include, but not limited to: a) yelling, screaming, swearing, and threatening Plaintiffs; b) intentionally ramming Plaintiff Joines' truck with bulldozers; c) tipping over Plaintiff Joines' truck; d) threatening to tip over Plaintiff Hendon's truck with bulldozers; e) Defendant Andrew Ferguson and acting in a threatening manner while brandishing a handgun; and f) Defendant Andrew Ferguson pointing a gun at Plaintiffs.

101.     The Defendants intended to cause and did in fact cause severe emotional distress to the Plaintiffs.

102.     As a direct and proximate result of Defendants', or their agents' actions, Plaintiffs Joines and Hendon suffered damages, including physical injuries to Plaintiff Joines and extreme emotional distress, causing severe anxiety, depression, and inability to sleep, among other issues, to both Plaintiffs as a result of the intentional, unprivileged, willful, and wanton acts of Defendants.

## **COUNT VIII – Negligent Infliction of Emotional Distress (In the Alternative)**
*Plaintiffs v. Andrew Furgeson, Deputy Michael Buckner in his individual capacity, Two Banks Development, LLC, TBD Landfill, LLC, Wright Brothers Construction, LLC and Does 1- 4*

103.     Plaintiffs hereby incorporate and re-allege all preceding paragraphs as though fully pleaded herein.

104.     Defendants, or their agents, negligently engaged in conduct reasonably foreseeable to cause severe emotional distress.

105.     As a result of Defendants negligent conduct, Plaintiffs suffered severe emotional

distress.

106.     As a direct and proximate result of Defendants,' or their agents' actions, Plaintiffs Joines and Hendon suffered damages, including physical injuries to Plaintiff Joines and extreme emotional distress to both Plaintiffs as a result of the intentional, unprivileged, willful, and wanton acts of Defendants.

**PLAINTIFFS DEMAND A JURY TRIAL AS TO ALL ISSUES OF FACT HEREIN.**

**Prayer for Relief**

WHEREFORE, Plaintiffs JOSEPH JOINES and ANGELICA HENDON, pray for a judgment against Defendants as follows:

1.     As to Count I – Violation of the Fourth Amendment, a money judgment, jointly and severally, against Defendants ANDREW FERGUSON, DEPUTY MICHAEL BUCKNER, TWO BANKS DEVELOPMENT, LLC, TBD LANDFILL, LLC, WRIGHT BROTHERS CONSTRUCTION, LLC and JOHN DOES 1 – 4, for compensatory, special, and punitive damages in an amount to be determined at trial, together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

2.     As to Count II – *Monell* liability, a money judgment, jointly and severally, against Defendants HAYWOOD COUNTY and SHERIFF BILL WILKE, for compensatory, and special damages, in an amount to be determined at trial, together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

3.     As to Count III - Civil Conspiracy, a money judgment, jointly and severally, against Defendants ANDREW FERGUSON, DEPUTY MICHAEL BUCKNER, SHERIFF BILL WILKE, TWO BANKS DEVELOPMENT, LLC, TBD LANDFILL, LLC, WRIGHT

BROTHERS CONSTRUCTION, LLC and JOHN DOES 1 - 4 for compensatory, special, and punitive damages in an amount in excess of $75,000.00 to be determined at trial, together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

4.      As to Count IV - Assault, a money judgment, jointly and severally, against Defendants ANDREW FERGUSON, DEPUTY MICHAEL BUCKNER, SHERIFF BILL WILKE, TWO BANKS DEVELOPMENT, LLC, TBD LANDFILL, LLC, WRIGHT BROTHERS CONSTRUCTION, LLC and JOHN DOES 1 - 4 for compensatory, special, and punitive damages in an amount in excess of $75,000.00 to be determined at trial, together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

5.      As to Count V - Battery, a money judgment, jointly and severally, against Defendants ANDREW FERGUSON, DEPUTY MICHAEL BUCKNER, SHERIFF BILL WILKE, TWO BANKS DEVELOPMENT, LLC, TBD LANDFILL, LLC, WRIGHT BROTHERS CONSTRUCTION, LLC and JOHN DOES 1 - 4 for compensatory, special, and punitive damages in an amount in excess of $75,000.00 to be determined at trial, together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

6.      As to Count VI – False Imprisonment, a money judgment, jointly and severally, against Defendants ANDREW FERGUSON, DEPUTY MICHAEL BUCKNER, SHERIFF BILL WILKE, TWO BANKS DEVELOPMENT, LLC, TBD LANDFILL, LLC, WRIGHT BROTHERS CONSTRUCTION, LLC and JOHN DOES 1 - 4 for compensatory, special, and

punitive damages in an amount in excess of $75,000.00 to be determined at trial, together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

7.     As to Count VII – Intentional Infliction of Emotional Distress, a money judgment, jointly and severally, against Defendants ANDREW FERGUSON, DEPUTY MICHAEL BUCKNER, SHERIFF BILL WILKE, TWO BANKS DEVELOPMENT, LLC, TBD LANDFILL, LLC, WRIGHT BROTHERS CONSTRUCTION, LLC and JOHN DOES 1 - 4 for compensatory, special, and punitive damages in an amount in excess of $75,000.00 to be determined at trial, together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

8.     As to Count VIII – Negligent Infliction of Emotional Distress, a money judgment, jointly and severally, against Defendants ANDREW FERGUSON, DEPUTY MICHAEL BUCKNER, SHERIFF BILL WILKE, TWO BANKS DEVELOPMENT, LLC, TBD LANDFILL, LLC, WRIGHT BROTHERS CONSTRUCTION, LLC and JOHN DOES 1 - 4 for compensatory, special, and punitive damages in an amount in excess of $75,000.00 to be determined at trial, together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

9.     For the appointment of a receiver or similar authority to ensure that the HAYWOOD COUNTY SHERIFF'S DEPARTMENT properly trains and supervises its Sheriff and deputies and terminates its policy allowing outside employment of sheriff's deputies.

10.     For such other further relief as this Court deems just and equitable.

**Dated: August 29, 2025**

MATHESON & ASSOCIATES, PLLC

/s/ Karl W. Roth
Karl W. Roth, Esq.
*Attorney for Plaintiffs*
NC Bar ID: 36555
127 W. Hargett St., Ste. 100
Raleigh, NC 27602
Tel. 919-335-5291
Email: karl@mathesonlawoffice.com